UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ARIZONA

IN THE MATTER OF        )
THE EXTRADITION OF      )   Misc. No. __13-10092 M-__
DANE ROSSMAN            )
                        )

COMPLAINT FOR ARREST
WITH A VIEW TOWARDS EXTRADITION
(18 U.S.C. § 3184)

I, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1. In this matter, I act for and on behalf of Canada;

2. There is an Extradition Treaty ("Treaty"), as amended by Protocols, in force between the United States and Canada, 27 UST 983, TIAS 8237;

3. Pursuant to the Treaty, Canada has submitted a formal request through diplomatic channels for the arrest and extradition of Dane ROSSMAN ("ROSSMAN");

4. According to information provided by Canada in the form authorized by the Treaty, ROSSMAN, an American citizen, is wanted in Canada to stand trial on the following charges: Mischief, in violation of the Criminal Code of Canada ("CCC") 430(3); Mischief endangering life, in violation of CCC 430(2); and Disguise with the intent to commit an indictable offence, in violation of the CCC 351(2), all committed on or about June 26, 2010, in Canada, in the Province of Ontario, in the City of Toronto. An arrest warrant was issued for ROSSMAN by the City of Toronto on December 20, 2010, for those offences;

5. The warrant was issued on the basis of the following facts:

The G-20 Economic Summit was held in the city of Toronto on June 26, 2010, and June 27, 2010. In order to ensure the safety and security of summit delegates, the public, and the police, as well as to facilitate conditions for peaceful protest, an integrated security plan was implemented by Toronto Police Service. On June 26th, there was substantial vandalism and rioting in the downtown core of Toronto. The officers of the G-20 Investigative Team were detailed to watch hundreds of hours of videotape, and look at thousands of photographs, that were submitted by members of the public, and the police, in order to ascertain the identity of those individuals responsible for criminal conduct.

According to the Canadian Border Service, ROSSMAN was recorded entering Canada on June 24, 2010, as a walk-over at the Peace Bridge. From evidence gathered via public submissions of photographs, internet searches for images in the public domain, CCTV footage, and statements taken from civilians in the area, expert image analysts of the G-20 Investigative Team assembled an Image Report. ROSSMAN, wearing a back bandana, was identified in an image report smashing a window of a local business, endangering the lives therein.

6. The offenses with which ROSSMAN is charged are provided for in Article 2 of the Extradition Treaty, as amended by the Protocols, cited above. Such Article provides that extradition shall be granted for conduct which constitutes an offense punishable by the laws of Canada and the United States by imprisonment for a term exceeding one year. The crimes listed above are offenses

punishable by both the laws of Canada and the United States by imprisonment for a term exceeding one year.

7.      ROSSMAN may be found within the jurisdiction of this court, specifically, at 933 North Adler Avenue, Tucson, Arizona and photographs of ROSSMAN are available.

8.      The State Department Attorney Adviser Alexis Blane has provided the Department of Justice with a declaration authenticating a copy of the diplomatic note by which the request for extradition was made and a copy of the extradition treaty between the United States and Canada, confirming that the documents supporting the request for extradition are properly certified by the principal American diplomatic or consular officer in Canada, in accordance with Title 18, United States Code, Section 3190, so as to enable them to be received in evidence.

WHEREFORE, your complainant requests that a warrant be issued, pursuant to Title 18, United States Code, Section 3184, for the arrest of ROSSMAN; that ROSSMAN be brought before this Court and the evidence of criminality heard; that if on such hearing, this Court deems the evidence sufficient under the provisions of the treaty to sustain the charges, the Court certify the same to the Secretary of State in order that a warrant may issue for the surrender of said ROSSMAN to Canada, according to the stipulations of the treaty; and for such other actions as this Court is required to take under the provisions of the treaty and the laws of the United States.

_____
ASSISTANT UNITED STATES ATTORNEY

Sworn to before me and subscribed in my presence this 19 day of February 2013, in Tucson, Arizona.

_____
UNITED STATES MAGISTRATE