JON M. SANDS
Federal Public Defender
**RYAN MOORE**
Assistant Federal Public Defender
State Bar No. 023372
407 W. Congress St., Suite 501
Tucson, AZ 85701
Telephone: (520) 879-7500
*ryan_moore@fd.org*
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR13-MJ-10092-DTF |
|---|---|
| Plaintiff, | |
| vs. | **MOTION FOR RECONSIDERATION** |
| Dane Rossman, | (Oral argument requested) |
| Defendant. | |

COMES NOW the Defendant, Dane Rossman, by and through counsel, pursuant to LRCiv 7.2(g)(1), and hereby request that this Court reconsider its March 21, 2013 ruling on his Motion for Release on Bail in Extradition Proceedings (Doc. 6) in light of controlling and contrary authority supplied before the hearing.

At the hearing, this Court ruled that once an extradition court finds that a defendant who requests release on bail poses *any* degree of flight risk, however slight, the court has no authority to set conditions of release to ameliorate that risk. The Court indicated that in this case sufficient conditions of release might, in fact, exist, but that it believed it was not authorized to impose them.

The Ninth Circuit, however, has held that an extradition court *is* authorized to set conditions of release even after it finds that a defendant poses a risk of flight. In *In re Extradition of Kirby*, 106 F.3d 855, 865 (9th Cir. 1996), over the Government's appeal, the Ninth Circuit affirmed a district court's grant of bail pending an extradition hearing, even though the district court had explicitly found that Kirby posed some flight risk, unlike his co-defendants, and found that conditions existed to minimize that risk.

1

1 "Although the [district] court viewed Kirby as a 'potential flight risk,' it found that it could fashion conditions to assure Kirby's presence at future proceedings." *Id.* at 858. "We have **no reason** to second-guess Judge Legge's judgment in that regard." *Id.* at 865 (emphasis added). "The terms and conditions of bail fixed by the district court appear adequate to secure the presence of … Kirby at the extradition proceedings." *Id.* Thus, unless and until *Kirby* is withdrawn or reversed en banc, it is the binding law of this circuit and an extradition court commits manifest error when it rules that it is not authorized to grant bail after it finds any risk of flight.[1]

*Kirby* is cited on page five of Rossman's Motion for Release on Bail (Doc. 6), and thus, it was brought to the Court's attention in a timely manner. *See* LRCiv 7.2(g)(1).

Therefore, given the controlling and contrary holding of *Kirby*, Mr. Rossman respectfully requests that the Court reconsider its ruling and immediately resume proceedings to determine whether bail should be granted.

RESPECTFULLY SUBMITTED:    March 22, 2013.

JON M. SANDS
Federal Public Defender

*s/ Ryan Moore*
J. RYAN MOORE
Assistant Federal Public Defender

---

[1] Numerous district cases are in accord and hold that any assessment of flight risk necessarily entails a weighing of the potential ameliorative effects of available release conditions. *See, e.g., In re Extradition of Kapoor*, 2011 WL 2296535, *5 (E.D.N.Y. 2011) ("Under these [stringent] conditions … I find that Kapoor does not represent a risk of flight" and "any risk of flight can be satisfactorily mitigated by the conditions of release set forth below,"); *United States v. Ramnath*, 533 F. Supp. 2d 662, 670 (E.D. Tex. 2008) ("The presence of some evidence of flight risk does not settle the matter.  Before making a final determination, the court also must consider whether there are conditions of release ... that will adequately regulate any risk and reasonably assure her presence at all future court proceedings."); *In re Extradition of Santos*, 473 F.Supp.2d 1030, 1036 (C.D.Cal. 2006) ("[A]ny risk of flight can be satisfactorily mitigated by the conditions of release set forth below"); *In re Extradition of Sidali*, 899 F.Supp. 1342, 1351-52 (D.N.J. 1995) ("The Court has reconsidered its decision … and finds that Mr. Sidali does not present a risk of flight if certain stringent conditions on release are imposed."); *United States v. Taitz*, 130 F.R.D. 442, 445 (S.D.Cal. 1990) ("The court finds that there is no risk that Taitz will flee if appropriate bail conditions are met.").

2

1  *The above signed does hereby certify that, on the above date, he electronically transmitted this document to the Clerk's Office using the CM/ECF System for filing*
2  *and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:*

3  Ryan DeJoe
   Assistant U.S. Attorney